IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00132-MR

RAYMOND DAKIM-HARRIS JOINER, )
)
        Petitioner, )
)
vs. )     **O R D E R**
)
ERIK A. HOOKS, Secretary of )
Department of Public Safety,[1] )
)
        Respondent. )
_____ )

**THIS MATTER** is before the court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and Motion to Proceed in Forma Pauperis [Doc. 2].

**I.    BACKGROUND**

Raymond Dakim-Harris Joinder (the "Petitioner") is a prisoner of the State of North Carolina who was convicted in McDowell County Superior Court of two counts of malicious conduct by a prisoner and one count of

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

being a habitual felon on August 14, 2017. [Doc. 1 at 1]. The Petitioner was sentenced to 15 years' imprisonment. [Id.]. The Petitioner appealed to the North Carolina Court of Appeals and his appeal was denied on May 15, 2018. [Id.]. The Petitioner did not file a Petition for Discretionary Review ("PDR") with the North Carolina Supreme Court. [Id.].

At some point thereafter, the Petitioner claims that he filed a Motion for Appropriate Relief ("MAR") in McDowell County Superior Court. [Id. at 6]. The Petitioner claims that he never received a response from the McDowell County Superior Court. [Id.].

On or around May 26, 2020, the Petitioner filed the present habeas petition. [Doc. 1].[2] On the same date, the Petitioner filed a Motion to Proceed in Forma Pauperis. [Doc. 2].

## II.  DISCUSSION

The Court first considers the Petitioner's Motion to Proceed in Forma Pauperis. [Doc. 2]. In support of that Motion, the Petitioner submits an affidavit stating that he has no monthly income and has no money or property. [Id.]. The Court is satisfied that the Petitioner does not have

---

[2] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). Here, the Petitioner fails to state the particular date that he placed the petition in the prison mail system. The envelope in which the petition was mailed, however, is post-marked August May 26, 2020. [Doc. 1-5]. Accordingly, the Court finds that the petition was filed on or around May 26, 2020.

2

sufficient resources with which to pay the filing fee for this matter. Therefore, the Petitioner's Motion to Proceed in Forma Pauperis will be granted.

The Court turns next to the Petitioner's habeas petition. In reviewing the petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under Rule 4, the Court may dismiss petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." Carson v. Burke, 178 F.3d 434, 437 (6th Cir. 1999).

The Petitioner claims that the McDowell County Superior Court lacked subject-matter jurisdiction over him because he is a sovereign citizen who has "not signed any contract or other obligation that binds me to the maritime or admiralty jurisdiction" and "did not convey any interest, right, or myself to the U.S. or the state." [Doc. 1 at 5]. Such claims by *pro se* litigants are commonly used under the discredited "Sovereign Citizen" theory as attempts to avoid jurisdiction over them and their criminal convictions. See United States v. Ulloa, 511 F. App'x. 105, 106 n.1 (2d Cir. 2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority

3

to regulate their behavior"). Courts considering such claims have universally determined that they are without merit. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" arguments as having "no conceivable validity in American law"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that defendant's "sovereign citizen" argument was "completely without merit" and "patently frivolous"). Federal district courts have repeatedly explained to the Petitioner that such claims lack merit. Joiner v. Sapper, No. 1:20-cv-00717, 2020 WL 4719283, at *1 (M.D.N.C. Aug. 13, 2020), report and recommendation adopted, No. 1:20CV717, 2020 WL 5366322 (M.D.N.C. Sept. 8, 2020) (stating that the Petitioner's arguments regarding "[t]he jurisdiction of the United States, the common law, the corporate status or lack thereof of the United States, maritime and admiralty law, contracts, Petitioner's religious status, and his declared penalties for

4

'transgressions' against him are all irrelevant and his claims based on these matters are meritless."); Joiner v. Solomon, No. 1:17-cv-00047-FDW, 2017 WL 663248, at *2 (W.D.N.C. Feb. 16, 2017) (Whitney, C.J.) (stating that the "Petitioner's assertions that his relationship with the North Carolina Department of Public Safety is governed by the law of contracts and/or commercial law is patently absurd."); Joiner v. Solomon, No. 1:16-cv-00396-FDW, 2016 WL 7385691, at *2 (W.D.N.C. Dec. 20, 2016) (Whitney, C.J.) (stating that to the extent that the Petitioner "is attempting to bring a claim that he is not subject to the jurisdiction of the State of North Carolina for purposes of his underlying criminal conviction, this claim is wholly frivolous."); Joiner v. Perry, No. 1:14-cv-00509, 2014 WL 2930724, at *2 (M.D.N.C. June 27, 2014) (stating that the Petitioner's arguments regarding "the jurisdiction of the United States, the common law, the corporate status or lack thereof of the United States, maritime and admiralty law, contracts, the status of Petitioner's body as a vessel, social security insurance, and interstate commerce are all irrelevant and Petitioner's claims based on these matters are meritless."); Caldwell v. North Carolina, No. 3:13-cv-00327-RJC, 2013 WL 3148630, at *1 (W.D.N.C. June 19, 2013) (Conrad, J.) (concluding that a § 2254 petition from the Petitioner challenging a separate conviction should be dismissed because it raised claims associated with the "sovereign

5

Case 1:20-cv-00132-MR   Document 5   Filed 12/01/20   Page 5 of 7

citizens" movement that were without merit.). Similarly, the Petitioner's contention that the McDowell County Superior Court lacked subject-matter jurisdiction over his August 14, 2017 convictions is without merit. Accordingly, the Petitioner's habeas petition will be dismissed.[3]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

---

[3] Based on the record before the Court, it also appears that the Petitioner has failed to exhaust his administrative remedies by filing a PDR with the North Carolina Supreme Court or a writ of certiorari with the North Carolina Court of Appeals regarding the denial of his MAR. Nevertheless, the Court may deny a petition on the merits even if the Petitioner has failed to exhaust his administrative remedies. See 28 U.S.C. § 2254(b)(2).

6

Case 1:20-cv-00132-MR   Document 5   Filed 12/01/20   Page 6 of 7

(2) The Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED**.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

(4) The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: December 1, 2020

Martin Reidinger
Chief United States District Judge

7

Case 1:20-cv-00132-MR   Document 5   Filed 12/01/20   Page 7 of 7